# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 16-0439

_____

FILED

November 2, 2016

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
RALPH A. LORENZETTI, JR.,
Petitioner

v.

THE HONORABLE DAVID H. SANDERS, and
MICHAEL W.F.,
Respondents

_____

Petition for Writ of Prohibition

WRIT DENIED

_____

Submitted: October 12, 2016
Filed: November 2, 2016

Brandon H. Sims, Esq.
Assistant Prosecutor
Jefferson County Prosecuting Attorney
Charles Town, West Virginia
Counsel for the Petitioner

Tracy Weese, Esq.
Shepherdstown, West Virginia
Counsel for Respondent, Michael W.F.

CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1. "There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, *i.e.*, it must have prejudiced the defense at trial." Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007).

2. Before allowing a defendant to review records concerning a child that are confidential under West Virginia Code Section 49-5-101 [2015] but may contain exculpatory or impeachment evidence which is material to the defense, the circuit court should conduct an *in camera* review of the records to determine whether and to what extent they will be disclosed to the defense under *Brady v. Maryland*, 373 U.S. 83 (1963). In conducting its *in camera* review, the circuit court must balance the Defendant's interest in a fair trial with the State's interest in protecting a child's confidentiality and determine whether an order limiting the examination and use of the records is necessary for the child's safety.

**Chief Justice Ketchum**:

Petitioner, the prosecuting attorney for Jefferson County ("the Prosecutor"), seeks a writ of prohibition to halt enforcement of an April 29, 2016, order by the Circuit Court of Jefferson County. The circuit court's order concerns files in the Prosecutor's possession, but maintained by the Department of Health and Human Resources (DHHR), regarding a child who alleges she was sexually abused by a criminal defendant. The circuit court reviewed these files *in camera*, and it determined they contained exculpatory information which is material to the defense, and therefore, the Defendant (through his lawyer) had a constitutional right to review the files.

The Prosecutor asserts the circuit court erred by finding the Defendant had a constitutional right to review the DHHR's files on the alleged child victim. Moreover, the Prosecutor contends that files maintained by the DHHR concerning children are confidential under West Virginia law.

Upon review, we find no error. The circuit court, after an *in camera* review, correctly found that the Defendant (through his lawyer) has a constitutional right to review the DHHR's files on the alleged child victim because they contain exculpatory information which is material to the defense. Furthermore, this case falls under one of the exceptions to the general rule that DHHR files concerning children are confidential. Finally, the circuit court followed the correct procedure in determining that these files would be reviewed by the Defendant's lawyer. Accordingly, we decline to issue the

1

Prosecutor's requested writ of prohibition halting enforcement of the circuit court's April 29, 2016, order.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Michael W.F.'s eight-year-old daughter, S.F., accused him of having sex with her.[1] In September 2014, he was indicted on eight charges arising from S.F.'s accusation. His trial has been stayed pending our resolution of the Prosecutor's petition seeking a writ of prohibition.

S.F. received treatment from the DHHR through a multidisciplinary team, whose function is to "identify, diagnose, and treat specific cases of child abuse and neglect."[2] The DHHR maintained notes on S.F.'s treatment (DHHR files), to which the Prosecutor has access because it represented the DHHR in a proceeding to terminate Michael W.F.'s parental rights to S.F.

Michael W.F.'s defense lawyer learned the following two things about the DHHR's treatment of S.F.: (1) S.F. may have recanted her accusation that the Defendant had sex with her; and (2) S.F.'s mother may have been misled by the DHHR in telling her to take a certain position against Michael W.F. in order to be reunited with her daughter.

---

[1] Because S.F. is a minor, we follow our traditional practice in cases involving sensitive facts and use only her initials. Moreover, S.F. is related to the Defendant, so we refer to him by the initial of his last name. *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990); W.VA. R. APP. P. 40(e)(1).

[2] *See* W.VA. CODE § 49-1-207 [2015].

2

Michael W.F. claims he was told by S.F.'s mother that the DHHR employees "catch" S.F. "lying all the time," and "they also said that she takes things that she sees or hears other people doing and turns it into a story of something that she did." Evidence confirming these claims is purportedly in the DHHR files.

Michael W.F. requested S.F.'s DHHR files on the ground that, under *Brady v. Maryland*, the Prosecutor is required to turn over evidence in its possession which may be materially helpful in preparing a defense, particularly, exculpatory evidence.[3] The Prosecutor responded that the DHHR files are confidential per a West Virginia statute, unless the circuit court enters an order after examining the DHHR files for "relevancy and materiality."[4] Due to this conflict, the Prosecutor sought guidance from the circuit court by filing a motion for the DHHR files to be reviewed *in camera* for relevancy and materiality.

The circuit court reviewed the DHHR files *in camera*. It then conducted a hearing, which was closed to the public (including the family of Michael W.F. and S.F.), on whether the Defendant would have access to the DHHR files. At the hearing, Michael W.F. asserted that the DHHR files would be helpful in preparing his defense because they contain proof of S.F.'s recantation, along with the circumstances surrounding it, *i.e.*,

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963). We discuss *Brady* and a criminal defendant's constitutional right to access exculpatory evidence in greater detail in our analysis section.

[4] *See* W. VA. CODE § 49-5-101(b)(4) [2015]. We discuss this statute in greater detail in our analysis section.

3

when she recanted and what she said. He also stated that "apparently [S.F.'s] mother has recanted. . . . But we have received nothing from the [Prosecutor] telling us what the change is and what she is now saying." Finally, Michael W.F.'s lawyer suggested he could better inform the circuit court if/how the DHHR files are material to the defense if he were allowed to briefly review them.

The circuit court found that the DHHR files appear "highly relevant" to the defense, in part, because they contain recantations of S.F.'s accusation. Therefore, the circuit court allowed Michael W.F.'s lawyer to briefly review the DHHR files in the jury room while he was supervised by the Prosecutor. The circuit court did not grant Michael W.F. himself access to information contained in the DHHR files or entry to the jury room during his lawyer's review of the files.

Afterwards, Michael W.F.'s lawyer argued that the DHHR files contained "many" instances in which S.F. recanted her accusation against him, and the DHHR improperly bolstered S.F's testimony by filling in the gaps in her story. Thus, he planned to present expert testimony at trial that "what [DHHR] did was basically . . . create these memories for [S.F.]"

In an order dated April 29, 2016, the circuit court found that all of the DHHR files contained "an indicia of potentially exculpatory material." It explained its conclusion as follows:

> The Court did find in making that review that there were references to recantations, there were references to a difficulty in articulating a trauma narrative, that there was work in the persons from the Department in helping to bolster the trauma narrative on the part of the [S.F.] – of the

4

equivocation on the part of the mother that she was being required by this process to channel herself down into a more steady course as part of the process for reunification with her daughter.

The circuit court further stated that "the Defendant would have had no way of knowing all of those things[,]" and this information is "obviously material for impeachment." Therefore, the circuit court concluded that Michael W.F.'s lawyer and his retained expert would have access to the DHHR files. However, to protect S.F.'s confidentiality, it prohibited Michael W.F., his family members, and the general public from accessing the DHHR files.

The Prosecutor now seeks a writ of prohibition from this Court against the enforcement of the circuit court's April 29, 2016, order. Enforcement of the order has been stayed pending our resolution of the Prosecutor's petition seeking a writ of prohibition.

## II.
## STANDARD OF REVIEW

When considering a petition for a writ of prohibition, we have held:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or

5

substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[5]

### III.
### ANALYSIS

In this Petition, we are asked to determine whether the circuit court committed "clear error as a matter of law" when it granted Michael W.F.'s lawyer access to the DHHR files. The DHHR files purportedly contain recantations by S.F. and evidence that the DHHR bolstered S.F.'s story. The Prosecutor's argument that the circuit court exceeded its jurisdiction is based on two premises: (1) Michael W.F. did not have a constitutional right to the requested DHHR files; and (2) the DHHR files are confidential. We examine these arguments in turn.

### A. *Defendant's Constitutional Right to the DHHR Files*

Beyond dispute, a defendant has a constitutional right to exculpatory evidence which is material to the defense. In the seminal case, *Brady v. Maryland*, the United States Supreme Court firmly established that: "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where

---

[5] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

6

the evidence is material either to guilt or to punishment[.]"[6]  Clearly, "A prosecution that

withholds evidence which if made available would tend to exculpate an accused by

creating a reasonable doubt as to his guilt violates due process of law[.]"[7]

In *State v. Youngblood*, we established the three components of a

constitutional due process violation under *Brady* as follows:

> (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, *i.e.*, it must have prejudiced the defense at trial.[8]

The second *Youngblood* element, whether the evidence *has been*

suppressed, is not in dispute.  Therefore, we examine the other two *Youngblood* elements

to determine whether, going forward, withholding the requested DHHR files from the

Defendant would violate Michael W.F.'s right to due process.

---

[6] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  *See also Pennsylvania. v. Ritchie*, 480 U.S. 39, 56 (1987) (Prosecution's suppression of exculpatory and material evidence is evaluated under the Fourteenth Amendment's Due Process Clause.)  The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution states: "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]"

[7] Syl. Pt. 4, in part, *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982).

[8] Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007).

7

## 1. The DHHR Files were Favorable to Michael W.F. as Exculpatory or Impeachment Evidence

For *Brady* to apply, the evidence must be favorable to the Defendant as exculpatory *or* impeachment evidence. The Prosecutor argues that the requested DHHR files do not fall under *Brady* because S.F.'s recantations and the DHHR purportedly bolstering her story are mere "impeachment" evidence. In raising this argument, the Prosecutor splits hairs between "impeachment" and other "exculpatory" evidence in the context of *Brady*.

We have squarely rejected this argument, noting: "The United States Supreme Court has expressly 'disavowed any difference between exculpatory and impeachment evidence for *Brady* purposes.'"[9] Clearly, "Impeachment evidence . . . as well as exculpatory evidence, falls within the *Brady* rule. Such evidence is 'evidence favorable to an accused,' so that, if disclosed and used effectively, it may make the difference between conviction and acquittal."[10]

It is undisputed that S.F. recanting her accusation against Michael W.F. and the DHHR's purported bolstering of S.F.'s story is favorable to him as impeachment evidence. Therefore, the requested DHHR files satisfy the first *Youngblood* element.

---

[9] *Id.*, 221 W.Va. at 28, 650 S.E.2d at 127. (*quoting Kyles v. Whitley*, 514 U.S. 419, 433 (1995)).

[10] *United States v. Bagley*, 473 U.S. 667, 676 (1985) (internal citations omitted).

## 2. The DHHR Files are Material to Michael W.F.'s Defense

Furthermore, the evidence is material, *i.e.*, without it, Michael W.F. would be prejudiced at trial. "Evidence is material . . . if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different."[11] "A 'reasonable probability' is a probability sufficient to 'undermine confidence in the outcome.'"[12] In other words, "if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist, constitutional error has been committed."[13]

The Prosecutor essentially argues that S.F. recanting her accusation against Michael W.F. and the DHHR's purported bolstering of her story would not, to a reasonable probability, change the outcome of Michael W.F.'s proceeding. We disagree because evidence casting doubt on a key witness's (*e.g.*, the alleged victim's) credibility is undeniably material *Brady* evidence.[14] It is undisputed that S.F.'s recantation and the

---

[11] *Pennsylvania. v. Ritchie*, 480 U.S. 39, 40 (1987).

[12] *State v. Roy*, 194 W.Va. 276, 284 n.9, 460 S.E.2d 277, 284 n.9 (1995) (*quoting Ritchie*, 480 U.S. at 57).

[13] *U.S. v. Agurs*, 427 U.S. 97, 112 (1976).

[14] *Giglio v. U.S.*, 405 U.S. 150, 154-55 (1972) ("[W]ithout [the witness's testimony] there could have been no indictment and no evidence to carry the case to the jury. [His] credibility as a witness was therefore an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility[.]"). *See also Benks v. Dretke*, 540 U.S. 668 (2004) (Impeachment evidence was material because it would have undermined the testimony of a witness who proved crucial to the State's case); *U.S. v. Arnold*, 117 F.3d 1308, 1317-18 (11th Cir. 1997) (*Brady* violated when prosecution failed to turn over to the defense taped

(continued . . .)

DHHR possibly bolstering her story would cast doubt on her credibility as a witness in Michael W.F.'s trial.

Nevertheless, the Prosecutor asserts that granting Michael W.F. access to the DHHR files would not make a difference in his criminal proceeding because he already knew S.F. *might* have recanted her accusation. We disagree. The DHHR files contained proof of S.F.'s multiple recantations, along with the circumstances surrounding them, including what she said and when she said it. Furthermore, the circuit court found the DHHR files contain evidence concerning the DHHR possibly bolstering S.F.'s story. The circuit court further stated: "the Defendant would have had no way of knowing all of those things[.]" The Prosecutor has provided no legal reason to find the circuit court was wrong in that regard. Therefore, we find the third prong of *Youngblood* is met.

The DHHR files contain exculpatory evidence which is material to Michael W.F.'s defense. The suppression of this evidence at trial would violate his constitutional right to due process.

### B. Confidentiality of the DHHR Files

Still, the Prosecutor contends the circuit court erred in granting Michael W.F. access to the DHHR files because they are confidential. West Virginia Code Section 49-5-101(a), provides:

---

conversations containing inconsistent statements and a promise of reduced sentence in exchange for cooperation); *Atkinson v. State*, 778 A.2d 1058, 1063-64 (Del. 2001) (Failure to disclose inconsistent statement of complainant in sexual assault case required new trial.).

10

> *Except as otherwise provided in this chapter or by order of the court*, all records and information concerning a child or juvenile which are maintained by the . . . [DHHR] . . . are confidential and shall not be released or disclosed to anyone[.][15]

However, this statute is subject to several exceptions. West Virginia Code Section 49-5-101(b)(4) states:

> Notwithstanding the provisions of subsection (a) of this section . . . records concerning a child or juvenile . . . may be made available: . . . .(4) Pursuant to an order of a court of record. However, the court shall review the record or records for relevancy and materiality to the issues in the proceeding and safety, and may issue an order to limit the examination and use of the records or any part thereof.

Thus, under the clear and unambiguous terms of West Virginia Code Section 49-5-101, there are exceptions to the general rule that DHHR files concerning a child are confidential. Among these exceptions is when the circuit court finds, upon review, that the evidence is relevant and material to the issues in the proceeding, and thus, should be made available to the Defendant.

In *Pennsylvania v. Ritchie*, the United States Supreme Court examined a similar statute and held:

> Because the Pennsylvania Legislature contemplated some use of CYS records in judicial proceedings, there is no reason to believe that relevant information would not be disclosed when a court of competent jurisdiction determined that the information was "material" to the accused's defense. . . . Respondent is entitled to have the CYS file reviewed by

---

[15] Emphasis added.

11

the trial court to determine whether it contains information that probably would have changed the outcome of his trial.[16]

However,

> A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search the State's files and make the determination as to the materiality of the information. Both respondent's and the State's interests in ensuring a fair trial can be protected fully by requiring that the CYS files be submitted only to the trial court for *in camera* review.[17]

Therefore, we hold that, before allowing a defendant to review records concerning a child that are confidential under West Virginia Code Section 49-5-101 [2015] but may contain exculpatory or impeachment evidence which is material to the defense, the circuit court should conduct an *in camera* review of the records to determine whether and to what extent they will be disclosed to the Defendant under *Brady v. Maryland*, 373 U.S. 83 (1963). In conducting its *in camera* review, the circuit court must balance the Defendant's interest in a fair trial with the State's interest in protecting a child's confidentiality, and determine whether an order limiting the examination and use of the records is necessary for the child's safety.

We are provided with no compelling reason why the relevant and material information in the DHHR files should not be disclosed pursuant to the circuit court's determination that they were exculpatory and material to Michael W.F.'s defense. The

---

[16] *Ritchie*, 480 U.S. at 40.

[17] *Id.*, 480 U.S. at 41.

circuit court reviewed the DHHR files *in camera*, and allowed the Prosecutor to present argument on the exculpatory issue before determining that the Defendant (through his lawyer) would have access to them.[18]  Importantly, the circuit court considered S.F.'s safety by restricting access to the DHHR files to Michael W.F.'s lawyer and his retained expert on the DHHR's possible bolstering of S.F.'s story.  It prohibited Michael W.F., his family members, and the general public from accessing the DHHR files.

Moreover, it is inconsequential that the Prosecutor, not Michael W.F., requested the *in camera* review of the DHHR files.  The Defendant has the burden of showing that the DHHR files are likely to be useful to his defense.[19]  However, the circuit court, acting on the Prosecutor's motion, found exculpatory information, which is material to the defense in the DHHR files.  Under the Prosecutor's logic, the circuit court should have nevertheless conducted Michael W.F.'s trial without him having the benefit of the DHHR files.  As we have already discussed, if the jury in this scenario would have

---

[18] The circuit court's decision allowing the defense lawyer to briefly review the DHHR files so that he could better argue if/how they are material to his case was not error.  Despite the Prosecutor's contention, it was not an unsupervised authority to search the Prosecutor's files.  The Prosecutor supervised the defense lawyer during this review of the DHHR files.  Importantly, the circuit court did not allow the defense lawyer to review these files until it had already conducted an *in camera* review and determined that the DHHR files appear "highly relevant" to the defense.

[19] Syl. Pt. 3, in part, *Roy,* 194 W.Va. 276 ("Before any *in camera* inspection of statutorily protected communications can be justified, a defendant must show both relevancy and a legitimate need for access to the communications. . . . [I]f a defendant can establish by credible evidence that the protected communications are likely to be useful to his defense, the trial judge should review the communications *in camera*.").

found Michael W.F. guilty on the charges against him, there would be a high probability that the verdict would be reversed on appeal because of a *Brady* violation.

Finally, we address the Prosecutor's concern that this case presents an ethical dilemma for the Prosecutor's office. The Prosecutor represented the DHHR in a proceeding to terminate Michael W.F.'s parental rights to S.F., and thus, it maintains an attorney-client relationship with the DHHR regarding S.F.'s DHHR files.[20] Even though a lawyer is ordinarily prohibited from revealing "information relating to representation of a client,"[21] he/she may nevertheless do so "to the extent the lawyer believes is necessary . . . to comply with other law or a court order[.]"[22] Here, disclosure of the DHHR files to the Defendant is necessary to comply with both other law (in *Brady*) and a court order.

## IV.
## CONCLUSION

Upon review, we find no error. The circuit court, after an *in camera* review, correctly found that the Defendant (through his lawyer) has a constitutional right to review the DHHR files because they contain exculpatory information which is material to the defense. Furthermore, this case falls into the court order exception under West

---

[20] *See* Syl. Pt. 4, in part, *State ex rel. Diva P. v. Kaufman*, 200 W.Va. 555, 490 S.E.2d 642 (1997) ("[A]ll of the legal and ethical principles that govern the attorney-client relationship in general, are applicable to the relationship that exists between DHHR and county prosecutors in civil abuse and neglect proceedings.")

[21] W.VA. R. OF PROF'L RESP. 1.6(a).

[22] W.VA. R. OF PROF'L RESP. 1.6(b)(6).

14

Virginia Code Section 49-5-101(b)(4) [2015] to the general rule that DHHR files concerning children are confidential. Finally, the circuit court followed the correct procedure in determining that these files would be reviewed by the Defendant's lawyer. Accordingly, we decline to issue the Prosecutor's requested writ of prohibition halting enforcement of the circuit court's April 29, 2016, order.

Writ denied.